IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BRANDI MARTIN**,

       **Petitioner,**

v.                                               Case No. 2:22-cv-00045
                                                   Criminal Case No. 2:19-cr-00209

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is the *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 United States Code §2255 filed by Movant Brandi Martin ("Martin"). (ECF No. 72).[1] This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Martin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED,** and this civil action be **DISMISSED, with prejudice,** and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Martin is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] The ECF numbers used herein are taken from Martin's underlying criminal case, *United States v. Martin*, 2:19-cr-00209, with the exception of one citation to a previous indictment, as noted.

1

I.  **Factual and Procedural History**

On August 21, 2019, Brandi Martin was indicted on one count of possession with intent to distribute five grams or more of methamphetamine and one count of possession of a firearm by a felon. (ECF No. 1). Martin had previously been indicted for attempted possession with intent to distribute methamphetamine based on related conduct; however, that indictment was dismissed without prejudice for violating the Speedy Trial Act. *United States v. Martin,* 2:19-cr-38 (S.D.W. Va. Apr. 15, 2019), at ECF No. 43. Regarding the instant indictment, the firearm charge was dismissed pursuant to a plea agreement, (ECF No. 37), and Martin entered a guilty plea to the methamphetamine charge on February 11, 2020. (ECF No. 36). The Court sentenced Martin to 188 months' imprisonment, followed by five years of supervised release. (ECF No. 50). Given Martin's offense level and criminal history points, the sentence imposed was at the bottom of the range recommended by the United States Sentencing Guidelines and well below the statutory maximum of 40 years' imprisonment. (ECF Nos. 37 at 2; 47).

The plea agreement Martin signed included a waiver of her right to directly appeal her conviction or make a collateral attack under 28 U.S.C. §2255, with the exception that she retained the right to appeal a sentence in excess of the statutory maximum and to challenge the conviction or sentence on the ground of ineffective assistance of counsel, as set forth below:

> Ms. Martin knowingly and voluntarily waives her right to seek appellate review of her conviction and any sentence […] imposed by the District Court […] except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Ms. Martin also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction in any collateral attack […]. The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(ECF No. 37 at 6). Martin does not claim that this waiver is invalid. (ECF No. 72). Moreover, Martin filed an appeal, which the Fourth Circuit dismissed after finding that the waiver was knowing and voluntary and, therefore, barred the appeal. (ECF 67). Martin subsequently filed this Motion to Vacate.

## II. Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. *Wall v. Kholi,* 562 U.S. 545, 552-53 (2011). To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. The burden of proof in a § 2255 proceeding rests with the movant, who must establish her claims by a preponderance of the evidence. *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958).

## III. Discussion

Martin states three grounds in support of her §2255 motion. In Ground One, Martin alleges a violation of her right to a speedy trial and implicitly claims that the attorney representing her on the dismissed indictment failed to properly raise the issue. (ECF No. 72 at 4). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that *pro se* filings should be liberally construed). In Grounds Two and Three, Martin challenges the Court's finding that she was liable for certain relevant conduct considered at sentencing. The relevant conduct involved a box of methamphetamine that was sent to her home.

Specifically, in Ground Two, Martin asserts that there was insufficient evidence

to find her responsible for the box of methamphetamine, because she could not have been its intended recipient. She indicates that she had no contact with anyone in the box's state of origin (California) and lacked the funds necessary to pay for the drugs inside the box. (*Id.* at 5). In Ground Three, Martin argues that she should not have been held responsible for the box of methamphetamine considering that her brother, Larry, was later convicted for possession of the same box. (ECF No. 72 at 7).

Having reviewed the motion, the Government's response, and Martin's reply, the undersigned **FINDS** that there is no merit to Martin's § 2255 motion, because her first ground for relief lacks a factual basis and is barred by her guilty plea, and the remaining two grounds are barred by her plea agreement waiver. As indicated, Martin's plea agreement included a waiver of her right to collaterally attack her sentence, for any reason except alleged ineffective assistance of counsel. (ECF No. 37 at 6). Because the Fourth Circuit held this waiver to be knowing and voluntary, (ECF No. 67), and the waiver expressly includes all grounds for a §2255 motion except ineffective assistance of counsel, Martin's latter two grounds for relief are clearly precluded.

With respect to Martin's first ground for relief, she simply has no factual basis to allege a speedy trial violation. She was indicted on August 21, 2019; had an initial appearance on August 26, 2019; and received a trial date of October 29, 2019. (ECF Nos. 1, 7, 15). The trial date was continued twice at Martin's request; thus, the delays were excludable. (ECF Nos. 21, 24). Martin decided to plead guilty and signed a plea agreement on January 9, 2020, approximately two weeks prior to the scheduled trial date. (ECF No. 37). Consequently, there was no violation of the Speedy Trial Act.

To the extent she asserts a claim of ineffective assistance of counsel related to the Speedy Trial Act, her guilty plea constitutes a waiver of that claim. A voluntary and

4

intelligent guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. *See Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294–96 (4th Cir. 1992). "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010); *see also United States v. McCleary,* 112 F.3d 511, 1997 WL 215525 (4th Cir. 1997) (unpublished). In *McCleary,* the Fourth Circuit stated as follows:

> In *Tollett,* the Supreme Court explained that 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process.' As a result, '[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea.' Instead, once a criminal defendant has pled guilty, collateral review is limited to an examination of 'whether the underlying plea was both counseled and voluntary.'

*Id.* at *2, citing *United States v. Broce,* 488 U.S. 258 (1973) (internal citations omitted). In other words, a defendant bringing an ineffective assistance of counsel claim after pleading guilty must show "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Martin has made no allegation that her guilty plea was not voluntary or intelligent, nor do the facts indicate that her plea was anything but knowing and voluntary. Martin signed a written plea agreement on January 9, 2020, and on February 11, 2020, she signed a written plea of guilty in the presence of her attorney. (ECF No. 36). At the change of plea hearing conducted the same day, the District Court engaged in a thorough plea colloquy with Martin regarding her decision to plead guilty. (ECF No. 63). The Court questioned Martin at length regarding any mental or physical impairments that

5

would prevent her from understanding the proceedings and regarding her knowledge of the plea agreement itself. (ECF No. 63 at 2-5). The agreement was reviewed with Martin paragraph by paragraph, and she acknowledged that she had read the agreement, discussed it with her attorney, and fully comprehended the terms of the agreement. (*Id*. at 6-9, 15). She confirmed with the Court that she understood how her sentence would be calculated, and knew that the ultimate sentencing decision rested with the Court. (*Id*. at 10-12). After the Court explained the rights Martin would forfeit upon pleading guilty, as well as the consequences of a guilty plea, she asked the Court to accept the plea. (*Id*. at 13-25). Martin explicitly agreed with the factual basis of her guilt as set forth by the Government; confirmed that no promises, threats, predictions or inducements had been made to her to force her to plead guilty; expressed her satisfaction with counsel; and affirmed that the guilty plea was made of her own free will. (*Id*.). Based on this evidence, and given that Martin does not allege otherwise, the undersigned is confident that Movant's guilty plea was voluntary and intelligent. Therefore, her claim related to ineffective assistance of counsel occurring prior to the plea is barred.

In any event, even if Ground One were not barred, that ground would not provide a factual or legal basis for the relief requested. Martin clearly misunderstands what occurred in her criminal proceedings. When Martin was indicted the first time for attempted possession with intent to distribute methamphetamine, she was represented by Attorney R. Lee Booten, II. Booten filed a motion to dismiss the indictment based upon a violation of the Speedy Trial Act. Booten was successful in getting the indictment dismissed, but the dismissal was without prejudice. *Martin,* 2:19-cr-00038, at ECF No. 43. The Court's decision to dismiss the indictment without prejudice was not based on any act or omission by Booten, but was reached after the Court conducted an analysis

guided by the relevant statute. *Id.*

When Martin was indicted the second time, she was not represented by Booten. Her court appointed counsel, Paul Stroebel, attempted to have the second indictment dismissed for a violation of the Speedy Trial Act, which was essentially his effort to extend the finality of the first dismissal. (ECF No. 28). Stroebel resurrected arguments related to the first indictment, and added arguments related to the second indictment. The Court denied the motion to dismiss, but not because of anything Attorney Booten did or did not do in the prior case. (ECF No. 64). Instead, the decision was made based upon the Court's understanding of the law. Because Martin's two cases were separate proceedings with different defense counsel and different procedural histories, Martin simply cannot point to the assistance of counsel in her first case as a basis to set aside the judgment in her second case.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 470), be **DENIED**, and that this civil action be **DISMISSED**, with prejudice, and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and recommendations" within which to file with the

7

Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**ENTERED:** September 14, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge